UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CCL INDUSTRIES, INC., | § § | |
| Plaintiff and Arbitration Claimant, | § § § | |
| vs. | § § § § | Case No. 4:15-CV-1431 |
| LASER BAND, LLC, | § § § | |
| Defendant and Arbitration Respondent | § | |

## MOTION TO VACATE OR MODIFY ARBITRATION AWARD

In accordance with 9 U.S.C. § 10 and 11, Plaintiff and Arbitration Claimant CCL Industries, LLC submits its Motion to Vacate or Modify Arbitration Award ("Motion"), and in support states as follows:

### INTRODUCTION

1.     Plaintiff and Arbitration Claimant CCL Industries, LLC ("CCL") and Defendant and Arbitration Respondent Laser Band, LLC ("Laser Band") are parties to the License Agreement. (A true and correct copy of the License Agreement is attached as Exhibit A.) A dispute arose, and an arbitration was conducted in St. Louis, Missouri, in accordance with the arbitration provision in the License Agreement. In the Award of Arbitrator ("Award"), the arbitrator found that the permission granted by Laser Band to certain third parties, including Zebra Technologies, Inc. ("Zebra"), to manufacture certain wristband forms did not breach the License Agreement.  (A true and correct copy of the Award is attached as Exhibit B.)

2.     The stated basis for the arbitrator's ruling was that while the License Agreement precludes Laser Band from licensing third parties such as Zebra to make, use, or sell wristband

{5685540:2}

forms on their own, nothing precludes Laser Band from having such parties manufacture the forms on its behalf.  However, Zebra does not merely manufacture wristband forms for Laser Band.  It also sells wristband forms directly to customers, with Laser Band's permission.  Based on the reasoning in the Award, the arbitrator should have found that the permission to sell granted to Zebra violates the License Agreement, but failed to do so.  As a result, a mutual, final, and definite award was not made, and vacatur is appropriate.  Alternatively, because the Award is predicated on an evident material mistake in the description of a person, thing, or property—namely, the description of Zebra as a mere vendor for Laser Band rather than a seller in its own right—modification of the Award to reflect Laser Band's breach is appropriate.

3. The Award was delivered on June 19, 2015. Accordingly, this Motion is timely brought. *See* 9 U.S.C. § 11 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered"). CCL will serve notice of this motion immediately upon filing.[1]

## PARTIES

4. CCL is a Canadian corporation with its principal place of business in Framingham, Massachusetts.

5. Upon information and belief, Laser Band is organized under the laws of the State of Missouri and has its principal place of business in St. Louis, Missouri.

---

[1] On July 13, 2015, Laser Band filed a Motion to Confirm Award of Arbitrator ("Motion to Confirm") in the 22nd Judicial Circuit Court, St. Louis, Missouri. As discussed below, this Motion must be brought in this Court.  CCL will be filing a motion to stay the Missouri state court action pending resolution of the action in this Court.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under at least 28 U.S.C. § 1332(a)(1) because CCL and Laser Band are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Laser Band because Laser Band is organized under the laws of the State of Missouri and is headquartered and regularly does business in this State and within this District, and because the arbitration at issue in this action took place in this State and within this District.

8. This Court further has jurisdiction because the parties are subject to an agreement requiring the Motion to be brought in this Court. On May 20, 2003, CCL's predecessor-in-interest, Avery Dennison Corporation, entered into the License Agreement with Laser Band. The License Agreement was the subject of the arbitration at issue. Section 11.1 of the License Agreement provides:

> [O]ther than as expressly provided herein any action by any party to enforce any provision of this Agreement shall be brought exclusively in the United States District Court for the Eastern District of Missouri, Eastern Division. All parties admit venue is proper only in St. Louis, Missouri, and waive any right to seek transfer for convenience or otherwise unless that United States District Court for the Eastern District of Missouri, Eastern Division, refuses to accept jurisdiction or venue, in which case the same shall be as otherwise provided by law.

(License Agreement, § 11.1.) The only exception to the mandatory jurisdiction provision in Section 11.1 is in Section 11.2, which provides:

> Notwithstanding the foregoing clause 11.1, should the parties fail or refuse to reach agreement, any party may demand upon thirty (30) days written notice to the other parties that the matter in dispute shall be submitted to binding arbitration in St. Louis, Missouri under the rules of the American Arbitration Association. . . . Any award pursuant to such arbitration shall be binding on the parties and may be entered in any court having competent jurisdiction.

(License Agreement, § 11.2.) In other words, any action to enforce any provision of the License Agreement, including the arbitration provisions of Section 11.2, must be brought in this Court, except an action to enter an arbitration award. Because this is not an action to enter an arbitration award, the License Agreement requires that it be brought in this Court.

9. Venue is proper in this District because Laser Band resides in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Furthermore, under Section 11.1 of the License Agreement, the parties consented to venue in St. Louis, Missouri.

## FACTS

10. On December 8, 2014, CCL served a Demand for Arbitration on Laser Band. Arbitration proceedings were conducted before Arbitrator Charles A. Weiss in St. Louis, Missouri. The arbitration concerned certain provisions of the License Agreement.

11. The License Agreement grants CCL a license to make and sell wristband forms putatively covered by patents owned by Laser Band. Laser Band also granted a similar license to Ward Kraft, Inc. ("Ward Kraft").[2] In the License Agreement, Laser Band promised that the license would be exclusive to Laser Band and Ward Kraft, stating: "Laser Band shall not grant any other license for the making, using, selling, etc. of Combo Forms under the Laser Band Patents or the Standard Patent throughout the United States . . . other than a similar license granted to Ward Kraft, Inc." (License Agreement, § 3.) One issue in the arbitration was whether Laser Band violated Section 3 by licensing parties other than CCL and Ward Kraft.

---

[2] At issue in the arbitration were two types of wristband form, referred to as LB1 and LB2. The arbitrator found that LB2 forms were not covered by the License Agreement. *See* Award at 8-9. Accordingly, this Motion concerns only the LB1 forms.

{5685540:2}                                                4

12. Zebra is a third party to the arbitration and this action. In 2012, Zebra acquired Laser Band in a stock purchase. Nevertheless, Laser Band continues as an ongoing business, and is a separate and independent corporate entity from Zebra. The arbitrator recognized this point, finding that "Laser Band remained a separate independent corporate entity owned by Zebra." (Award at 4.)

13. After Zebra's purchase of Laser Band, Zebra began manufacturing wristband forms covered by the License Agreement for Laser Band. (Award at 7.)

14. At arbitration, CCL contended that Zebra's manufacture of the wristband forms violated the exclusive license granted to CCL and Ward Kraft in Section 3 of the License Agreement. In his Award, the arbitrator disagreed, explaining:

> Although Laser Band agreed it would not grant other licenses for the "making, using, selling, etc." of the Combo Forms under the Laser Band Patents, the arbitrator find that this did not preclude Laser Band from having other vendors make the product for Laser Band.

(Award at 7.) The arbitrator concluded:

> Laser Band did not relinquish its rights to use and practice its own licensed products, including its right to make, use, have made and sell its own patented products. Accordingly, the arbitrator finds that Laser Band did not breach Section 3 of the License Agreement by having CCL, Ennis and/or Zebra manufacture for Laser Band the patent products covered by the License Agreement.

(*Id.* at 8.)

15. Zebra, in addition to manufacturing wristband forms covered by the License Agreement, also sells the forms. A cursory review of Zebra's website shows this.[3] Zebra's sale of the forms, and the permission granted by Laser Band to do so, is also clear from the testimony at arbitration. Laser Band called Mark Greer, Zebra's Director of Innovation, and Mike Thieme, Laser's Band's Vice President of Manufacturing, as witness. (Trans. Mar. 11, 2015, 165:14-23;

---

[3] *See* https://www.zebra.com/us/en/products/supplies/wristbands.html.

327:6-7.)[4] Both witnesses provided testimony showing that Laser Band permits Zebra to sell the wristband forms covered by the License Agreement. (*Id.* Mar. 11, 2015, 246:13-15; 355:3-8). Terry Hemmelgarn and Joseph Bair of Avery Dennison Corporation provided testimony confirming this. (*See id.* Mar. 9, 2015, 80:2-4; Mar. 10, 2015, 24:20-23.)

16.     The arbitrator did not find Laser Band's permission to Zebra to sell wristband forms covered by the License Agreement to be a violation of the License Agreement.

## GOVERNING LAW

17.     The Federal Arbitration Act applies to this action. *See, e.g., Infinity Fulfillment Group, LLC v. Cenveo Corp.*, No. 4:14CV966 SNLJ, 2015 WL 3823166, at *3 (E.D. Mo. June 19, 2015) (applying Federal Arbitration Act where parties were residents of different states and agreement related to interstate commerce); *Loroad, LLC v. Global Expedition Vehicles, LLC*, No. 13-03246-CV-S-SWH, 2014 WL 1153055, at *2 (W.D. Mo. Mar. 21, 2014) (same).[5]

18.     The Federal Arbitration Act provides that a court may vacate an arbitrator's award where, among other things, "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

19.     The Federal Arbitration Act provides that a court may modify an arbitrator's award where, among other things, "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. § 11(a).

---

[4] Out of an abundance of caution as to possible confidentiality issues, the transcript of the arbitration proceedings are not attached to this motion. CCL will make the transcript, or the cited excerpts therefrom, available *in camera* or as otherwise directed by the Court.

[5] Nevertheless, the relevant provisions of the Missouri Uniform Arbitration Act are similar and would have the same result. *See* MO. REV. STAT. § 435.400 (governing confirmation of awards), 405 (governing vacatur) & 410 (governing modification).

{5685540:2}                                                6

## **THE AWARD SHOULD BE VACATED**

20. As explained above, Zebra not only manufactures wristband forms for Laser Band but actually sells the forms itself—with the permission of Laser Band. The License Agreement expressly forbids the sale of covered forms by any third party other than CCL or Ward Kraft. (*See* License Agreement, § 3 ("Laser Band shall not grant any other licenses for the making, using, selling, etc. of Combo Forms . . . other than a similar license granted to Ward Kraft, Inc.."). Therefore, Laser Band breached the License Agreement by permitting Zebra to sell the forms.

21. The reasoning of the Award not only confirms, but compels, this conclusion. In reasoning that Laser Band did not breach the License Agreement by permitting Zebra to manufacture the forms because Zebra was merely manufacturing on behalf of Laser Band, the Award indicates that direct sale by Zebra would be impermissible. For example, the Award explains: "The arbitrator finds that Section 3 of the License Agreement does not preclude Laser Band from having manufacturers other than Avery/CCL and Ward Kraft from **making the product for Laser Band to sell itself**." (Award at 7 (emphasis added).) Moreover, the Award states: "The arbitrator finds that, based upon all the evidence presented, including the License Agreement itself, Laser Band did not relinquish its rights to use and practice its own licensed products, including **its right to make, use, have made and sell its own patented products**." (*Id.* (emphasis added).) Finally, the Award concludes "that Laser Band did not breach Section 3 of the License Agreement **by having CCL, Ennis and/or Zebra manufacture for Laser Band** the patent products covered by the License Agreement." (*Id.* at 8 (emphasis added).)

22. Had the arbitrator addressed the fact that Laser Band permits Zebra to sell wristband forms in light of the reasoning set forth in the Award, he would have had to conclude that Laser Band has breached the License Agreement.

23. This failure greatly impacted the outcome of the arbitration. Instead of merely finding that the permission granted to Zebra to manufacture wristbands did not constitute breach of the License Agreement, the arbitrator should also have found that the permission granted to Zebra to sell wristbands did constitute breach. Therefore, a "mutual, final, and definite award" was not made. *See* 9 U.S.C. § 10(a)(4). Vacatur is appropriate in this circumstance. *See M&A Elec. Power Co-op v. Local Union No. 702 Int'l Brotherhood of Elec. Workers, AFL-CIO*, 773 F. Supp. 1259, 1262 (E.D. Mo. 1991), *aff'd and remanded by* 977 F. Supp. 1235 (8th Cir. 1992) (stating that court may vacate arbitration award if award is "incomplete, ambiguous, or contradictory" (citation omitted)).

## **ALTERNATIVELY, THE AWARD SHOULD BE MODIFIED**

24. The Award identifies Zebra as a mere "vendor" or manufacturer making wristband forms on behalf of Laser Band, stating, for example, that Laser Band "began having Zebra make the products covered by the License Agreement for Laser Band." (Award at 7.)

25. The arbitrator's description of Zebra as a mere vendor or manufacturer acting on behalf of Laser Band reflects an "evident material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. § 11(a). This mistake was material in that it resulted in a finding of no breach when the evidence of record and the arbitrator's own reasoning should have resulted in a finding of breach.  Therefore, to the extent that the Court does not vacate the Award, the Award should be modified to reflect a ruling that Laser Band, in granting permission to Zebra to sell wristband forms covered by the License Agreement (as well as the

permission granted to Zebra to manufacture the forms for its own direct sale), is in breach of Section 3 of the License Agreement. *See Bright Construction, Inc. v. Carpenters Dist. Council of Kansas*, Case No. 4:13-cv-00181-FJG, 2014 WL 1775626, at *5 (W.D. Mo. May 5, 2014) (granting motion to vacate or modify arbitration award because "arbitrator simply did not consider whether the construction industry exemption applied under the facts of this case, and the Court will not attempt to fill in the blanks so as to support the arbitrator's decision when the arbitrator made no attempt to conduct the analysis.").

## PRAYER

For all of the foregoing reasons, Plaintiff and Arbitration Claimant CCL Industries, LLC respectfully requests that the Court vacate the arbitrator's award or, in the alternative, modify the award to reflect that the permission granted by Laser Band to Zebra to sell wristband forms covered by the License Agreement is a breach of the License Agreement by Laser Band.

Dated: September 17, 2015

Respectfully submitted,

DOWD BENNETT LLP
By: /s/ Michael J. Kuhn
Michael J. Kuhn, #58936MO
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
Telephone: (314) 889-7300
mkuhn@dowdbennett.com
*Attorneys for Respondent and Arbitration Claimant CCL Industries, Inc.*

David B. Cupar
(*not yet admitted in this District*)
MCDONALD HOPKINS LLC
600 Superior Ave., East, Suite 2100
Cleveland, OH 44114
dcupar@mcdonaldhopkins.com

*Of Counsel for Respondent and Arbitration Claimant CCL Industries, Inc.*

## CERTIFICATE OF SERVICE

This will certify that, on September 17, 2015, a copy of the foregoing ***Motion to Vacate or Modify Arbitration Award*** was served email and U.S. mail on:

Thomas L. Gemmell
tom.gemmell@huschblackwell.com
David M. Newman
david.newman@huschblackwell.com
Mark Pratzel
mark.pratzel@huschblackwell.com
HUSCH BLACKWELL
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105

/s/  Michael J. Kuhn